

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
+1 202 736 8000
+1 202 736 8711 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 202 736 8739
KAKOWUAH@SIDLEY.COM

May 1, 2025

**Oral argument scheduled for May 5, 2025**

<u>Via CM/ECF</u>

Clifton B. Cislak
Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue, N.W.
Washington, D.C. 20001

    Re:  *Jazz Pharmaceuticals., Inc. v. Kennedy*, No. 24-5262: Response to Avadel's Rule 28(j) letter regarding *Monsalvo Velázquez v. Bondi*, No. 23-929 (U.S. Apr. 22, 2025)

Dear Mr. Cislak:

    *Monsalvo* found ratification under circumstances unlike these. To break a tie between two textually plausible interpretations, *Monsalvo* observed that statutes should "generally" be read "in harmony with what has come before." Op. 12. That led the Court to "presume" the statute "employ[ed] the same understanding" as a regulation Congress had "authorized" the agency to promulgate. *Id.*

    Here, by contrast, "harmony" cannot be presumed both because Congress expressly anticipated that FDA's regulations might be "inconsistent with the terms of" the amended statute, 21 U.S.C. §360cc(d), and because Congress had not previously authorized FDA to "promulgate regulations" under §360cc. *Eagle Pharms., Inc. v. Azar*, 952 F.3d 323, 335 n.14 (D.C. Cir. 2020).

May 1, 2025
Page 2

*Monsalvo* also reaffirms the centrality of "statutory context" in determining whether Congress used language "as a term of art rather than according to its plain meaning." *Yellen v. Confederated Tribes of Chehalis Rsrv.*, 594 U.S. 338, 351 (2021). *Monsalvo* accepted ratification only after finding that "[no]thing in the statute" suggested otherwise. Op. 13. Not so here. Besides ignoring §360cc(a)'s parallelism, *see* Br. 26-27, Reply 6-7, Avadel's ratification reading would:

(i) violate the consistent-usage canon by using "the same drug" differently in §360cc(a) versus (c)(1) (Br. 50-52; Reply 28-29),

(ii) create surplusage in §360cc(a) (Br. 52; Reply 29),

(iii) depart from §360cc(b)'s safeguards for existing grants of exclusivity (Br. 53-57; Reply 30-31), and

(iv) let FDA destroy exclusivity based on a subjective, discretionary determination (Br. 29; Reply 9).

Avadel's reading is wrong because courts "do not assume that a statutory word is used as a term of art where that meaning does not fit." *Johnson v. United States*, 559 U.S. 133, 139 (2010). Or as *Monsalvo*'s author recently put it: statutory interpretation generally turns on "ordinary meaning," not "hidden messages." *Feliciano v. Dep't of Transp.*, — S. Ct. — (Apr. 30, 2025) (slip op. 5).

Here, where Congress didn't expressly incorporate 21 C.F.R. §316.3(b)(14), didn't create a third exception, and wrote "clinical superiority" into subsection (c) but *not* (a), subsection (a) cannot be read to silently incorporate the unmentioned FDA "clinical superiority" regulation. Only Jazz's reading respects those drafting choices.

Respectfully submitted,

/s/ *Kwaku A. Akowuah*
Kwaku A. Akowuah
Sean C. Griffin
Peter A. Bruland
Anna C. Burke
David H. Kinnaird
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005
202.736.8000
kakowuah@sidley.com

*Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE

This letter complies with the type-volume requirements of Federal Rule of Appellate Procedure 28(j) because it contains 350 words. It complies with the typeface requirements of Rule 32(a)(5) and type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

/s/ *Kwaku A. Akowuah*

## CERTIFICATE OF SERVICE

I certify that on May 1, 2025, I electronically filed the foregoing letter with the clerk of court using the CM/ECF system, which will notify all registered CM/ECF users.

/s/ *Kwaku A. Akowuah*